IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-288-FL

| | | |
|---|---|---|
| QUASANDRA GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HOSPIRA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for judgment on the pleadings with respect to plaintiff's third claim, pursuant to Federal Rule of Civil Procedure 12(c). (DE 14). The time for plaintiff's response has passed, and in this posture the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

On May 26, 2015, plaintiff filed suit in the Superior Court of Wake County, North Carolina. Plaintiff alleges three claims for relief: 1) compensatory damages for willful violation of the Family and Medical Leave Act ("FMLA") under 29 U.S.C. 201 et. seq.; 2) declaratory relief for compensatory damages, also under the FMLA; and 3) wrongful termination in violation of North Carolina public policy. On June 25, 2015, defendant removed the action to this court, pursuant to federal question and diversity subject matter jurisdiction. On August 27, defendant filed the instant motion for judgment on the pleadings with respect to plaintiff's third claim.

## STATEMENT OF THE FACTS

Plaintiff was employed by defendant as a production operator in defendant's Rocky Mount, North Carolina plant from December 3, 2007 until she was terminated on May 7, 2012. On March 28, 2011, plaintiff began to suffer physical symptoms, including sharp pains in her lower abdomen, excessive vaginal bleeding during her menstrual cycle, migraine headaches, fatigue, and thirst, with increasing severity and regularity. As a result of her symptoms, plaintiff began to miss work. On July 13, 2011, plaintiff sought medical attention from Rose Glynne, M.D. ("Dr. Glynne"). Dr. Glynne diagnosed plaintiff with Polycystic Ovarian Syndrome and Type 2 Diabetes, in addition to a pre-existing endometriosis condition, and proscribed medication and advised plaintiff to keep off her feet for a few days and consider taking a brief leave of absence from work until the conditions could be stabilized.

Plaintiff notified her immediate supervisor that she needed medical time off, and she contacted defendant's disability benefits provider to apply for disability benefits and an approved leave of absence from work under the FMLA. The disability benefits provider corresponded with plaintiff and Dr. Glynne to receive necessary paperwork between July 19, 2011 and August 29, 2011, and plaintiff ultimately missed approximately 30 days of work, which she believed were covered by FMLA based on her correspondence with defendant's disability benefits provider and Dr. Glynne. Plaintiff later discovered that defendant had approved only five or six days of FMLA leave, characterizing the other days missed as other forms of leave, and leaving plaintiff in violation of defendant's hourly sick leave policy. On May 7, 2012, plaintiff was terminated from defendant's employment as a result of her absences, and on May 26, 2015, she filed the instant action.

**COURT'S DISCUSSION**

A.      Standard of Review

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies "the same standard" as for motions to dismiss made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether judgment on the pleadings should be granted, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.      Analysis

Plaintiff claims in her third claim for relief that defendant wrongfully terminated her in violation of North Carolina public policy. Plaintiff argues that N.C. Gen. Stat. § 95-244, by implication, creates a cause of action for violation of North Carolina public policy. Section § 95-244 states: "Nothing in this Article shall be deemed to diminish the rights or remedies of any employee under any collective bargaining agreement, employment contract, other statutory rights or remedies, or at common law." Further, plaintiff claims nothing in § 95-244 diminishes her rights under the FMLA, § 2615.

Employment in North Carolina, absent an employment contract to the contrary, is presumed

3

to be at will. Garner v. Rentenbach Constructors, Inc., 350 N.C. 567, 569 (1999). Any exception to the at will employment doctrine "should be adopted only with substantial justification grounded in compelling considerations of public policy." Kurtzman v. Applied Analytical Industries, Inc., 347 N.C. 329, 334 (1997). The North Carolina Supreme Court has recognized a cause of action for wrongful discharge in violation of public policy, and, while there is no list of cognizable public policy claims, has recognized violations when an employee has been discharged for: 1) refusing to violate the law at an employer's request; 2) engaging in a legally protected activity; or 3) other reasons when the employer engaged in some activity contrary to the law or public policy. See id. at 331-32.

As plaintiff has pleaded no facts implicating the first or second recognized violations of public policy, the court analyzes plaintiff's pleadings in light of the third. "It is not sufficient to simply point to public policy that may be implicated in issues that an employee has raised. The employee must show that the public policy of North Carolina was contravened." Kranz v. Hendrick Auto. Grp., Inc., 196 N.C. App. 160, 163 (N.C. Ct. App. 2009) (internal citations omitted). Further, "violation of a statute, standing alone, is not sufficient for a wrongful discharge claim, but rather there must be 'a degree of intent or wilfulness on the part of the employer.'" Id. at 164 (citing Rentenbach Constructors, Inc., 350 N.C. at 571-72).

The court is unable to determine what North Carolina public policy plaintiff contends defendant violated. "To date, FMLA violations like the one alleged by [plaintiff] have not been held to be within the scope of the public policy exception." Satterwhite v. Wal-Mart Stores East, L.P., 5:11-CV-363-BO, 2012 WL 255347, at *4 (E.D.N.C. Jan. 26, 2012); see Gibson v. Corning Inc., 5:14-CV-105-BO, 2015 WL 1880188, at *9 (E.D.N.C. Apr. 13, 2015); Brewer v. Jefferson-Pilot

4

Standard Life Ins. Co., 333 F. Supp. 2d 433, 439 (M.D.N.C. 2004). For these reasons, plaintiff's third claim fails.

## CONCLUSION

Based on the foregoing, defendant's motion for judgment on the pleadings with respect to plaintiff's third claim is GRANTED.

SO ORDERED, this the 19th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

5